UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER SANCHEZ,

        Plaintiff,

v.

KIRSTJEN NIELSEN, Secretary,
United States Department of Homeland
Security, Immigration and Customs
Enforcement,

        Defendant.

C17-1353 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Plaintiff's Motion to Compel, docket no. 31, is GRANTED in part and DENIED in part. Plaintiff's motion is denied with respect to Request for Production No. 10B, which seeks "an electronic copy of the .pst folder . . . from defendant's file server at the time of Plaintiff's termination for" numerous individuals who worked with or supervised Plaintiff. Defendant has already provided nearly all responsive emails regarding Plaintiff with the exception of a portion of Michael Gladish's emails, which Defendant has promised to produce. To the extent Plaintiff seeks the totality of these individuals' emails—including those unrelated to her employment—that request seeks material that is not relevant to the claims or defenses in this matter and is not proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1). Plaintiff's motion is granted with respect to Requests for Production 36-47 and 49-58, which seek documents related to "any discipline imposed" on various individuals. Defendant claims "discipline" is a "term of art" with a narrow meaning defined by employee collective bargaining agreements. *See* Declaration of Priscilla Chan, docket no. 35, ¶¶ 20-21. But Plaintiff's

MINUTE ORDER - 1

requests do not cite that narrower meaning. "Discipline" should be given its ordinary meaning: any supervisory intervention of any kind to address any conduct by a specific individual or individuals viewed negatively by management. *See U.S. ex rel. Englund v. Los Angeles County*, 235 F.R.D. 675, 684 (E.D. Cal. 2006) ("A party may not avoid responding based on technicalities . . . . When the purpose and significance of a request are reasonably clear, courts do not permit denials based on an overly-technical reading of the request.") (citing *Holmgren v. State Farm Mut. Auto. Ins. Co.*, 976 F.2d 573, 580 (9th Cir. 1992). Whether Defendant meted out comparable discipline—whether formal or otherwise—to Plaintiff and other employees who engaged in conduct viewed negatively by management is directly relevant to the claims in this lawsuit. Defendant must produce all responsive, non-privileged documents to Requests for Production 36-47 and 49-58, including but not limited to Cease and Desist Letters, Letters of Reprimand, and any other formal or informal written discipline imposed upon the specified individuals. Such production must also include documents related to the incidents described in the Second Declaration of Aubrie D. Hicks, docket no. 36-1, ¶¶ 5-14.

(2) The Court declines to award attorneys' fees to Plaintiff in connection with this motion because Defendant's position regarding the discovery was substantially justified as it sought to clarify the meaning of "discipline" in Plaintiff's requests. *See* Fed. R. Civ. P. 37(a)(5).

(3) The discovery completion deadline is extended until March 15, 2019. Plaintiff may re-notice depositions that were postponed and/or cancelled due to Defendant's failure to provide responsive documents in advance.

(4) The Court declines Plaintiff's requests—newly raised in her reply brief—to propound additional requests for production and for Defendant to undergo a forensic examination to evaluate Defendant's compliance with discovery obligations imposed by the Federal Rules of Civil Procedure.

(5) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 7th day of January, 2019.

William M. McCool<br>
Clerk

s/Karen Dews<br>
Deputy Clerk

MINUTE ORDER - 2